# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BAKERY, CONFECTIONARY, :
TOBACCO WORKERS & GRAIN :
MILLERS INT'L UNION, AFL-CIO, :
CLC LOCAL 6, :
: CIVIL ACTION
    Petitioner, :
: NO. 10-CV-5141
  v. :
:
MORABITO BAKING CO., :
:
    Respondent. :

**MEMORANDUM AND ORDER**

**Joyner, C. J.**                                                 **September 12, 2012**

Before this Court are Petitioner's Motion for Award of Attorney's Fees and Costs (Doc. No. 12), Declaration of Laurence M. Goodman to Supplement Petitioner's Motion (Doc. No. 13), Respondent's Response in opposition thereto (Doc. No. 14), Petitioner's Reply in further support thereof (Doc. No. 15), Petitioner's Motion to Supplement Petitioner's Motion for Attorney's Fees and Costs (Doc. No. 17), Respondent's Response in opposition thereto (Doc. No. 18) and Petitioner's Reply in further support thereof (Doc. No. 19). For the reasons set forth in this Memorandum, the Court grants the Petition in part.

## I. BACKGROUND

On May 16, 2011, this Court ordered Respondent Morabito Baking Company of Norristown, Pennsylvania ("Morabito") to enter into arbitration and reimburse the attorney's fees and costs

incurred by Petitioner Bakery, Confectionery, Tobacco Workers & Grain Millers International Union, AFL-CIO Local 6 ("Local 6") in this action (Doc. No. 10).  Petitioner Local 5 now demands payment of attorney's fees and costs totaling $40,989.32 for work completed in 2010 as well as leave to seek repayment of expenses incurred in preparing this application to collect those fees. (Declaration of Laurence M. Goodman to Supplement Petitioner's Mot. for Award of Attorney's Fees and Costs at 3, Doc. No. 13).[1] However, Respondent disputes both the hourly rates charged by Petitioner as well as the reasonableness of the number of hours spent by Petitioner in this case.  (Resp.'s Resp. to Pet.'s Mot. for Attorney's Fees and Costs, Doc. No. 14).

## II.  DISCUSSION

Since the Supreme Court decided <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), <u>Blum v. Stenson</u>, 465 U.S. 886 (1984) and <u>Pennsylvania v. Delaware Valley Citizens Council for Clean Air</u>, 478 U.S. 546 (1986), "the 'lodestar' figure has, as its name suggests, become the guiding light of ... fee-shifting jurisprudence." <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 801 (2002) (quoting <u>Burlington v. Dague</u>, 505 U.S. 557, 562 (1992)).  Under this method, "the most useful starting point for court determination of the amount of a reasonable fee payable by the

---

[1] Initially, Petitioners sought reimbursement for 114.3 hours in their fee petition. (Pet.'s Mot for Award of Attorney's Fees and Costs, Doc. No. 12). However, due to their own mathematical error, Petitioner reduced the number of hours sought for attorney time in 2010 to 108.1 hours. (Doc. No. 13).

loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (quoting Hensley, 461 U.S. at 433).

Although the lodestar figure is presumed to be the reasonable fee, the district court has the discretion to make certain adjustments to it. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not reduce an award *sua sponte*; rather, it may do so only in response to specific objections made by the opposing party. Interfaith Community Organization v. Honeywell, 426 F.3d 694, 711 (3d Cir. 2005). Once a specific objection has been made by the opposing party, the burden shifts to the party making the request for fees to justify the claimed rates and number of hours. Interfaith, 426 F.3d at 711; Loughner v. University of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001); Rode, 892 F.2d at 1188.

### A. Enhanced Hourly Rates

Three attorneys of the law firm Willig, Williams & Davidson performed work on Petitioner's case: Nancy B.G. Lassen ("Lassen"), Laurence M. Goodman ("Goodman"), and Lauren M. Hoye ("Hoye"). The firm billed the Union at a blended rate of $185 per hour prior to September 1, 2010, increased to $235 per hour for work done after that date. (Doc. No. 12, at 5). Thus, the Union paid the same blended hourly rate regardless of which attorney performed the work. According to Petitioner, "[t]he

blended hourly rate for the Union reflects the fact that the Union is a small local union with very modest resources, as opposed to the market value of the attorney's work." (Doc. No. 12, at 6). Petitioner asserts that the attorney's enhanced hourly rates should be included in the lodestar calculation. Id. Respondent argues that Petitioner is locked into the blended hourly rates that it charged to Local 6. (Doc. No. 14, at 6).

"Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community." McGuffey v. Brinks, Inc., 598 F. Supp. 2d 659, 669 (E.D. Pa. 2009) (quoting Rode, 892 F.2d at 1183). In conducting its analysis, the district court should "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Rode, 892 F.2d at 1183).

We reject Respondent's argument that Petitioner can only recover the rate it charged to Local 6. We look at the market rate rather than the rate charged to the client. The Third Circuit has held that "public-interest law firms that typically charge clients below-market fees, or no fees at all, are nonetheless entitled to compensation based on prevailing market rates in the relevant community." Interfaith, 426 F.3d at 703. Respondent insists that Petitioner's counsel is not a part of the

genre of attorneys identified by the Third Circuit for such treatment. However, in Kean v. Stone, the Third Circuit approved of awarding market rate attorney's fees to a salaried union attorney, in part to encourage actions by unions and their aggrieved members in court. 966 F.2d 119, 124-25 (3d Cir. 1992).

Petitioner seeks a rate of $450 per hour for Lassen, $375 per hour for Goodman, and $250 per hour for Hoye. Petitioner provides several affidavits from attorneys with similar work experience and expertise in Philadelphia, PA, all of whom attest that Lassen's hourly rate is fair and reasonable. (D'Angelo Jr. Aff.,[2] Doc. No. 12-2; Hanlon Aff.,[3] Doc. No. 13-1). We infer that these affidavits also support Goodman's hourly rate, as he is also a partner at Willig, Williams & Davidson, where he has practiced since 1991 exclusively in the area of labor law. (Lassen Aff. ¶¶10-14, Doc. No. 12-4). Petitioner also urges us to look to the 2010 National Law Journal Billing Survey in assessing reasonable market rates in the local legal community. (Lassen Decl., Tab 3, Doc. No. 12-4). However, this survey of law firm billing rates includes only a select few large law firms in Philadelphia. For further information on market billing rates

---

[2] Alfred D'Angelo, Jr. is a partner in the Employment and Labor Practice Group at Buchanan, Ingersoll & Rooney PC in Philadelphia, PA with more than 35 years of experience. He charges $535 per hour and says that the market rate for labor law partners is $465-$535 per hour.

[3] Michael Hanlon is a partner in the Employment and Labor Practice Group at Blank Rome LLP in Philadelphia, PA with more than 30 years of experience. He charges $635 per hour and says that the market rate for labor law partners is $450-$700 per hour.

in the area, we examined the fee schedule published by Community Legal Services of Philadelphia. See <u>Maldonado v. Houstoun</u>, 256 F.3d 181, 187 (3d Cir. 2001) (approving of the fee schedule published by Community Legal Services in Philadelphia).

Based on these external sources, as well as information furnished by Petitioner, we determine that the $450 per hour rate for Lassen and the $375 per hour rate for Goodman are reasonable. Lassen and Goodman both have decades of experience litigating labor law issues, and this rate seems on par with compensation for their expertise in the Philadelphia legal market. However, we find the hourly rate of $250 per hour for Hoye to be inflated. Hoye graduated law school in 2009, and joined Willig, Williams & Davidson in 2010. At the time of this action, she had about one year of experience as an associate attorney. Thus, her hourly rate should align with the lower range associate rates listed in the National Law Journal survey and the "Attorneys post-law school experience under 2 years" rates outlined in the Community Legal Services schedule. Accordingly, we adjust Hoye's hourly rate to $175.

### B. Hours Expended

When awarding fees, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" <u>Interfaith</u>, 426 F.3d at

711 (quoting Pub. Interest Research Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995)). This requires the Court to conduct a "thorough and searching analysis" to identify charges that should be excluded. Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001); see also Hensley v. Eckerhart, 461 U.S. 424, 433-434 (1983) ("The district court also should exclude from th[e] initial fee calculation hours that were not 'reasonably expended.'"). Thus, "it is necessary that the Court go line, by line, by line through the billing records supporting the fee request." Evans, 273 F.3d at 362.

Courts may not make any findings on the reasonableness of attorney's fees "based on a generalized sense of what is usual and proper but 'must rely upon the record.'" Evans, 273 F.3d at 361 (quoting Smith v. Philadelphia Housing Authority, 107 F.3d 223, 225 (3d Cir. 1997). Specificity is critical in requesting and granting attorney's fees; fee requests must include "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiation, and the hours spent by various classes of attorneys." U.A.W. Local 259 Social Security Department v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007) (quoting Evans, 273 F.3d at 361). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. In Stover v. Riley, 30 F. Supp. 2d 501, 504 (E.D. Pa. 1998), the court found that entries such as "review documents," "research,"

and "meeting" were sufficient even though the actual documents reviewed were not identified, the research performed was not revealed further, and the subject of the meetings was not specified. In United States ex rel. John Doe v. Pennsylvania Blue Shield, 54 F. Supp. 2d 410 (M.D. Pa. 1999), the court said: "We believe the more appropriate approach would be to look at the entire block, comparing the listed activities and the time spent, and determining whether the hours reasonably correlate to all of the activities performed." Id. at 415.

Respondent challenges, and Petitioner fervently defends, the 108.1 hours in attorney time spent representing Petitioner in this matter. After careful review of the arguments from both sides, this Court finds itself perplexed by the inconsistent, illogical and at times unbelievable positions from all attorneys in this matter.

First, it is puzzling that Petitioner argues for a substantially high hourly rate on the basis of years of expertise in this area of law, while simultaneously insisting that the basic tasks of writing and revising a relatively few number of pages of legal writing and preparing affidavits in a straightforward action to compel arbitration in a labor dispute took the firm over 100 hours to complete. Petitioner claims that "[t]he division of labor in this case was efficient, economical and well-leveraged." (Doc. No. 12-5, at 8). This Court

disagrees.  We agree that "[t]he Union should not be penalized for the time it spent educating the Company about the case law pertaining to arbitrability and informing the Company that this case was suitable only for arbitration."  (Doc. No. 12-5, at 12).  However, upon reviewing the time sheets, we do not find that this is the source of much of the excess and waste in the time spent litigating.

Respondent's arguments likewise perplex this Court.  In response to the Petition, Respondent's firm - Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy - argues that the firm's attorney, Benedict Heintz expended a total of 18.9 hours in the entire representation of Respondent in this case.  (Doc. No. 14, at 3-4).  According to Respondent, this Court should question why it was necessary for Petitioner's counsel to spend over 100 hours on the same issues that Respondent's counsel spent 18.9 hours on, when Petitioner's counsel "appears to be highly experienced in these substantive matters" and "Mr. Heintz had virtually no experience in the substantive area of law in this case but did not find the matter to be particularly complicated."  (Doc. No. 14, at 4).  Respondent further objects to the allocation of time by the partners, both of whom charge higher hourly rates.

We recognize that some review, oversight, and discussion among attorneys in a firm is both necessary and one of the benefits of practicing law with others.  But we agree with

Respondent that the hours it is being charged for such activities in this case is indeed somewhat excessive given that the case involved a purely procedural issue that Petitioner, as labor law experts, had litigated many times before. Indeed, much of the time was redundant and/or unnecessarily spent. We cannot imagine conversations among experts regarding the litigation of such a simple matter taking this long.

With this in mind, we are not surprised that the Court's line-by-line review of Petitioner's time sheets revealed discrepancies and excesses. We note these, as well as the revisions we have made to the time sheet on these grounds, in the following table.

Adjusted Time Sheet for Attorney's Fees and Costs[4]

| Initials | Date | Narrative | Hours Claimed | Hours Revised |
|---|---|---|---|---|
| LMG | 7/1 | Conference w NBGL; Legal Research re Arbitrability Issue | 1.7 | 1.0 |
| NBGL | 7/1 | Review of file; Conf w LMG | 1.2 | 0.5 |
| LMG | 8/10 | Conf w NBGL; Legal Research re SOL; Review of memo from NBGL | 1.8 | 1.5 |
| NBGL | 8/10 | Conf w LMG; Review file; Legal research; Prep of memo to client re lit strategy | 6.1 | 2.0 |

---

[4] A few notes about the following table. LMG stands for Laurence M. Goodman; NBGL stands for Nancy B.G. Lassen; and LMH stands for Lauren M. Hoye. All dates reflected are in 2010. The narratives are exactly as written on Petitioner's timesheets. The attorneys frequently grouped several activities into one narrative with a combined hourly calculation for these activities, which made the task of assessing the reasonableness of each activity more arduous for this Court. We find that Lassen's time was particularly inflated throughout the fee petition, and strike time charged accordingly on the grounds that it was in excess of what would typically have been required by an attorney with her experience to accomplish the stated objectives.

| | | | | |
|---|---|---|---|---|
| LMG | 8/30 | Conf w NBGL; Telephone conf w patti rosser; Conf w LMH; Memo to and conf w Barry Fields; Conf w NBGL | 1.4 | 1.1 |
| LMH | 8/30 | Conf re complaint | 0.8 | 0.5 |
| LMH | 8/30 | Research re mot to compel | 1.4 | 1.4 |
| LMG | 8/31 | Conf w NBGL, LMH, Barry Fields | 3.8 | 2.5 |
| LMH | 8/31 | Meeting w Barry Fields re Wittiak Grievance | 3.1 | 2.5 |
| LMH | 8/31 | Legal research re: fed ct complaint to compel arbitration | 4.8 | 2 |
| LMH | 8/31 | Prep of petition to compel arbitration in fed ct | 0.8 | 0.8 |
| NBGL | 8/31 | Conf w client, LMG, and LMH re fed ct litigation | 2.5 | 2.5 |
| LMH | 9/2 | Prep Draft of Mot to compel and brief in support of mot to compel | 4.1 | 4.1 |
| LMH | 9/3 | Prep Draft of Mot to compel and brief in support of mot to compel | 2.2 | 2.2 |
| LMG | 9/7 | Legal research, prep of memo to LMG | 0.6 | 0.3 |
| LMH | 9/7 | Revision of motion to compel; Prep of draft proposed order | 1.4 | 1.0 |
| LMG | 9/15 | Telephone conf w and review of memo from NBGL | 0.2 | 0.2 |
| LMG | 9/15 | Review of memo of law and mot; Conf w LMG | 2.0 | 1.5 |
| LMH | 9/15 | Interoffice conf w LMG re "pleadings" | 0.8 | 0.5 |
| LMH | 9/15 | Revision of pleadings "in wittiak case" | 2.0 | 2.0 |
| NBGL | 9/15 | Conf w LMG | 0.5 | 0.2 |
| NBGL | 9/15 | Prep of affidavit ; Prep of transmittal correspondence | 1.3 | 1.0 |
| LMH | 9/16 | Revision of pleadings "re: wittiak arbitration" | 2.0 | 1.0 |
| LMH | 9/17 | Revision of pleadings "in wittiak case" | 0.8 | 0.8 |
| NBGL | 9/17 | Prep of docs and correspondence to BCT | 0.4 | 0 |
| NBGL | 9/17 | Review and revision of pleadings; Conf w LMG | 0.9 | 0 |
| LMG | 9/21 | Conf w NBGL | 0.1 | 0.1 |
| NBGL | 9/21 | Conf w barry fields ; Conf w LMG; Review pleadings | 1.4 | 1.4 |
| LMG | 9/22 | Conf w NBGL; Legal research; Revision of | 1.7 | 0.7 |

| | | | | |
|---|---|---|---|---|
| | | affidavit | | |
| NBGL | 9/22 | Conf w barry fields and kevin looney; Telephone conf w LMG; Conf w LMG; Telephone conf w Marie Bowman; Prep of correspondence; Telephone conf w barry fields | 3.3 | 1.5 |
| LMG | 9/23 | Conf w NBGL | 0.4 | 0 |
| LMG | 9/24 | Conf w NBGL ; Legal research; Revision of affidavit | 0.7 | 0.5 |
| NBGL | 9/24 | Conf w barry fields; Revision of pleadings | 1.6 | 1.0 |
| LMG | 9/28 | Revision of memo of law | 0.3 | 0.3 |
| LMG | 9/29 | Revision of memo ; Conf w LMH | 2.4 | 1.0 |
| LMH | 9/29 | Conf w LMG re: petition; Revision of petition, memo, order and affidavit of barry fields | 2.2 | 1.0 |
| LMG | 9/30 | Conf w NBGL; Prep of docs for filing | 1.5 | 1.0 |
| NBGL | 9/30 | Review of pleadings; Telephone conf w barry fields (2); Revision of pleadings; Telephone conf w AAA; Review and revisions of exhibits; Conf w LMH; Conf w LMG | 4.3 | 2.3 |
| NBGL | 10/1 | Legal research; Telephone confs w court (2); Telephone conf w union re litigation; Conf w Monique clark | 1.2 | 0.6 |
| LMG | 10/5 | Conf w NBGL | 0.4 | 0 |
| NBGL | 10/5 | Review of docs from d ct; Telephone conf w judge's chambers | 0.3 | 0.3 |
| LMH | 10/6 | Legal research re Fed arb act | 4.2 | 2.0 |
| NBGL | 10/6 | Legal research; Conf w LMG; Conf w LMH; Prep of correspondence to Brian Heinz; Prep of correspondence to Joyner | 1.9 | 0.5 |
| LMG | 10/7 | Conf w NBGL and LMH | 1.5 | 0.5 |
| LMH | 10/7 | Legal research re Fed Arb Act; Conf w NBGL and LMG | 2.1 | 1.5 |
| NBGL | 10/7 | Legal research; Conf w LMH and LMG; Review of cases; Telephone conf w barry fields; Prep of correspondence to LMG | 1.9 | 1.0 |
| LMG | 10/8 | Telephone conf w barry fields | 0.3 | 0.3 |
| LMH | 10/8 | Prep of draft of memo to file re: FAA | 2.8 | 0 |
| LMG | 10/11 | Review of memo from LMH; Prep of memo to NBGL | 0.2 | 0 |

| | | | | |
|---|---|---|---|---|
| LMG | 10/18 | Review of memo from NBGL | 0.1 | 0 |
| NBGL | 10/18 | Prep of correspondence to B. Heiz; Telephone conf w barry fields; Review and revise stipulation; Conf w LMG | 0.8 | 0.5 |
| NBGL | 10/27 | Review of morabito's pleadings ; Prep of correspondence | 0.5 | 0.5 |
| LMG | 10/28 | Review of pleadings; Legal research re collateral estoppels; Conf w NBGL | 1.2 | 1.0 |
| NBGL | 10/28 | Legal research; Review of pleadings; Conf w LMG and LMH | 3.0 | 1.0 |
| NBGL | 10/28 | Conf w barry fields (2); Prep of correspondence | 0.4 | 0.4 |
| LMG | 10/29 | Review of draft reply; Legal research re collateral estoppels; Prep of memo to NBGL | 2.0 | 1.0 |
| LMH | 10/29 | Prep of reply brief re: witiak motion to compel arbitration | 1.8 | 1.8 |
| LMG | 11/1 | Legal research re collateral estoppels; Prep of memo to NBGL | 0.2 | 0.2 |
| LMH | 11/1 | Review of reply brief | 0.9 | 0.5 |
| NBGL | 11/1 | Legal research; Review of pleadings by company; Review and revision of memo and pleadings | 3.1 | 1.5 |
| LMH | 11/2 | Revision of reply brief; Conf w clerk at judge joyners chambers; Conf w NBGL; Prep of draft of stipulation | 5.2 | 1.5 |
| NBGL | 11/2 | Prep of memo to LMH | 0.3 | 0 |
| LMG | 11/4 | Review of memo from NBGL | 0.1 | 0 |
| NBGL | 11/4 | Legal research and revision of reply brief; Conf w LMH; Review of local 285 and related cases re: files; Prep of correspondence to LMH and Monique Clark | 2.0 | 1.0 |
| LMH | 11/5 | Prep of pleadings (reply brief and stip) and CL to Judge Joyner | 1.0 | 0.5 |
| LMH | 12/29 | Conf w clerk at judge joyner's chambers re: status of case | 0.2 | 0.1 |

As shown in the above line-by-line review of the fee petition, we find that 46 hours of Petitioner's counsel's claimed time was not reasonably expended. Accordingly, we reduce the time expended in this action to 19.7 hours by Lassen, 14.7 hours

by Goodman, and 27.7 hours by Hoye.  For this adjusted total time of 62.1 hours, Petitioner shall be awarded a total of $19,225 in fees.[5]

### C. Time Spent Litigating the Fee Application

The prevailing party is entitled to reimbursement for the time spent litigating its fee application when the court has ordered the award of attorney's fees.  <u>Planned Parenthood of Central N.J. v. Attorney General of the State of N.J.</u>, 297 F.3d 253, 268 (3d Cir. 2002).  However, "a request for attorney's fees should not result in a second major litigation."  <u>Hensley</u>, 461 U.S. at 437; <u>Planned Parenthood</u>, 297 F. 3d at 268.

The Court is inclined to further reduce the amounts stated in the section above.  Instead, we will conclusively resolve all disputes in this matter by determining that the $19,225 fee award fully satisfies Respondent's obligations.  Thus we will not entertain additional litigation over whether additional compensation is necessary to cover Petitioner's costs in preparing the petition for a fee award.

### D. Costs Incurred

In this Court's May 16, 2011 Order, Respondent was required to reimburse Petitioner for costs in addition to attorney's fees.

---

[5] Lassen = $450/hour x 19.7 hours = $8,865; Goodman = $375/hour x 14.7 hours = $5,512.50; Hoye = $175/hour x 27.7 hours = $4,847.50.

(Doc. No. 10). Petitioners seek reimbursement for $3,109.32 for costs incurred in 2010. (Doc. No. 13). These costs include copying, research, filing fees, and other miscellaneous expenses. The Court finds these costs to be reasonable, and therefore awards Petitioners $3,109.32 in costs.

### III. CONCLUSION

For the foregoing reasons, the Court grants Petitioner's Motion for Award of Attorney's Fees and Costs in part and denies it in part. Respondents shall pay Petitioners $19,225 in attorney's fees and $3,109.32 in costs.

IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


BAKERY, CONFECTIONARY,          :
TOBACCO WORKERS & GRAIN         :
MILLERS INT'L UNION, AFL-CIO,   :
CLC LOCAL 6,                    :
                                :   CIVIL ACTION
          Petitioner,           :
                                :   NO. 10-CV-5141
     v.                         :
                                :
MORABITO BAKING CO.,            :
                                :
          Respondent.           :


                              **ORDER**

     AND NOW, this    12th    Day of September, 2012, upon consideration of Petitioner's Motion for Award of Attorney's Fees and Costs (Doc. No. 12), Declaration of Laurence M. Goodman to Supplement Petitioner's Motion (Doc. No. 13), Respondent's Response in opposition thereto (Doc. No. 14), Petitioner's Reply in further support thereof (Doc. No. 15), Petitioner's Motion to Supplement Petitioner's Motion for Attorney's Fees and Costs (Doc. No. 17), Respondent's Response in opposition thereto (Doc. No. 18) and Petitioner's Reply in further support thereof (Doc. No. 19), and for the reasons set forth in the accompanying memorandum, the Motion is GRANTED in part and DENIED in part.  It is hereby ORDERED that Respondent Morabito Baking Co. shall pay Petitioner $19,225 in attorney's fees and $3,109.32 in costs within thirty days of the date of this order's entry.  It is further ORDERED that Petitioner does not have the leave of the

court to file a supplemental calculation for attorney's fees and costs for preparing the Fee Petition.

BY THE COURT:

s/J. Curtis Joyner

J. CURTIS JOYNER, C.J.